FILED

2005 DEC 21 AM 11: 23

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
AKRON

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RICHARD D. GENTILE, M.D.<br>6505 Market Street<br>Suite 103A<br>Boardman, Ohio 44512<br><br>Plaintiff,<br><br>-vs-<br><br>FIFTH AVENUE<br>OTOLARYNGOLOGY, INC.<br>7227 Glenwood Avenue<br>Youngstown, Ohio 44512<br><br>and<br><br>RICHARD PEARLSTEIN, M.D.<br>7227 Glenwood Avenue<br>Youngstown, Ohio 44512<br><br>and<br><br>JOHN BABYAK, M.D.<br>7227 Glenwood Avenue<br>Youngstown, Ohio 44512<br><br>and<br><br>ARTHUR WOOD, M.D.<br>7227 Glenwood Avenue<br>Youngstown, Ohio 44512<br><br>and<br><br>GENE POTESTA, M.D.<br>7227 Glenwood Avenue<br>Youngstown, Ohio 44512 | CASE NO.:<br>4:05CV2936<br>JUDGE:<br>JUDGE ECONOMUS<br><br>COMPLAINT:<br>MAG JUDGE GALLAS<br>Type:<br>Anti-Trust (Conspiracy and Boycott);<br>Tortious Interference with Contract;<br>Tortious Interference with Perspective<br>Economic Advantage;<br>Libel<br><br><br>**JURY TRIAL REQUESTED** |

9 COPIES OF COMPLAINT WITH 9 COPIES OF SUMMONS ORIGINAL AND AND MAGISTRATE CONSENT FORM ISSUED TO COUNSEL FOR PLAINTIFF ON 12/21/05

| | |
|---|---|
| and | ) |
| | ) |
| MAUREEN MAHAR-MATTHEWS, M.D. | ) |
| 7087 West Blvd. | ) |
| Youngstown, Ohio 44512 | ) |
| | ) |
| and | ) |
| | ) |
| CATHOLIC HEALTHCARE PARTNERS | ) |
| 615 Elsinore Place | ) |
| Cincinnati, Ohio 45202 | ) |
| | ) |
| and | ) |
| | ) |
| HUMILITY OF MARY HEALTH PARTNERS | ) |
| 1044 Belmont Avenue | ) |
| Youngstown, Ohio 44501 | ) |
| | ) |
| and | ) |
| | ) |
| ST. ELIZABETH HEALTH CENTER | ) |
| 1044 Belmont Avenue | ) |
| Youngstown, Ohio 44501 | ) |
| | ) |
| Defendants. | ) |

Plaintiff, Richard D. Gentile, M.D. ("Gentile"), for his Complaint against the Defendants, Fifth Avenue Otolaryngology, Inc. ("Fifth Avenue"), Richard Pearlstein, M.D. ("Pearlstein"), John Babyak, M.D. ("Babyak"), Arthur Wood, M.D. ("Wood"), Gene Potesta, M.D. ("Potesta"), Maureen Mahar-Matthews, M.D. ("Matthews"), Catholic Healthcare Partners ("CHP"), Humility of Mary Health Partners ("H.M.") and St. Elizabeth Health Center ("St. E's") states:

1. Plaintiff is a physician licensed to practice medicine in the State of Ohio who is board certified by the American Board of Facial Plastic and Reconstructive Surgery, Inc. and also by the American Board of Otolaryngology.

2. The individual Defendants, i.e. Pearlstein, Babyak, Wood and Potesta are all physicians licensed to practice medicine in the State of Ohio who are, upon information and belief, the sole shareholders of Fifth Avenue.

3. Matthews, at all relevant times, was the Chairman of the Department of EENT, at St. E's.

4. H.M. is an Ohio corporation who operates St. E's, a hospital/health center located in Youngtown, Ohio. H.M. is owned and/or controlled and/or operated by CHP.

5. This action arises under Sections 1 and 2 of the Sherman Act, 15 U.S.C.A. §1 and §2 and the laws of Ohio.

6. This Court has pendent jurisdiction over the claims arising under the laws of the State of Ohio.

## COUNT ONE

7. Plaintiff incorporates the allegations contained in paragraphs 1 through 6 of the Complaint.

8. At all relevant times, Gentile, Pearlstein, Babyak, Wood and Potesta comprised the Otolaryngology section of the Department of Surgical Specialties at St. E's.

9. At all relevant times, Pearlstein served as the President of Fifth Avenue and Potesta as President of the medical staff at St. E's.

10. Wood also served as the Director of the section of Otolaryngology within the division of surgical services and was responsible for establishing an on-call schedule for members of this section to be available to treat patients admitted through the emergency room at the hospital.

11. Pearlstein, Babyak, Wood and Potesta, Matthews, CHP, H.M. and St. E's combined and/or conspired to damage Gentile's medical practice by purposefully and intentionally scheduling Dr. Gentile for on-call coverage of the emergency room during the month of September, 2005 when they knew that he needed to attend the annual meeting of the American Academy of Facial Plastic and Reconstructive Surgery, Inc. since he was on its Executive Committee.

12. The Defendants, in concert and/or combination, then conspired to refuse collegial and professional coverage/adjustment of the call schedule so Dr. Gentile could attend this meeting and threatened disciplinary action against his staff privileges if he did not maintain his on-call coverage of the emergency room at St. E's.

13. As a direct and proximate result of the actions taken by Pearlstein, Babyak, Wood, Potesta, Matthews, CHP, H.M. and St. E's, in concert, with intent, they forced Gentile to resign his medical staff privileges at St. E's.

14. The actions and/or inactions of the Defendants affected interstate commerce because St. E's is a regional hospital that provides medical services to residents of Ohio and Pennsylvania.

15. The actions of the Defendants towards Gentile constitutes an unreasonable restraint of trade because Gentile is the only board certified facial plastic surgeon in the immediate market area of St. E's and the Defendants actions towards him were designed to eliminate competition since Gentile is the only member of the medical staff who is not an owner of Fifth Avenue.

16. Gentile has standing to pursue this anti-trust claim because there is a direct causal action between the illegal conduct of the Defendants and the harm caused to Plaintiff, and

4

further, because the injuries to Plaintiff's medical practice are the type of injuries sought to be redressed by the Sherman Act.

17. As a direct and proximate result of Defendants illegal combination and/or conspiracy to restrain trade, Gentile has suffered damages in an amount exceeding $75,000.00 per year for each year he cannot serve on the medical staff at St. E's.

## COUNT TWO

18. Plaintiff incorporates the allegations contained in paragraphs 1 through 17 of the Complaint.

19. Plaintiff and the individual Defendants, Pearlstein, Babyak, Wood and Potesta, constitutes the entire section of Otolaryngology at St. E's.

20. With specific intent to monopolize the provision of otolaryngology services at St. E's, Fifth Avenue and its owners, Pearlstein, Babyak, Wood and Potesta, purposefully refused to accommodate schedule conflicts for Gentile which caused Gentile to be able to handle on-call responsibilities for the emergency room and forced him to resign his medical staff privileges at St. E's.

21. Since the individual Defendants constitute 80% of the otolaryngology section and of the physicians with privileges in their specialty at St. E's, their conduct allowed them to secure 100% control of all otolaryngology patients at St. E's and allowed them to exclude/boycott Gentile from also providing services to those patients. CHP, H.M. and St. E's combined with Fifth Avenue and the individual Defendants to boycott Gentile. CHP, H.M. and St. E's were aware of their conduct and ratified the conduct of Fifth Avenue and the individual Defendants by refusing to take action to stop the illegal conduct.

22. As a direct and proximate result of the Defendants purposeful and intentional conduct to boycott Gentile, Gentile suffered damages in excess of $75,000.00 profits per year.

## COUNT THREE

23. Plaintiff incorporates the allegations contained in paragraphs 1 through 22 of the Complaint.

24. The intentional actions of Fifth Avenue, Pearlstein, Babyak, Wood and Potesta involving their failure to cooperate with Gentile regarding the on-call schedule caused Gentile to resign his medical staff privileges at St. E's or risk disciplinary action. These Defendants knew, or should have known, that their actions would cause Gentile to resign his staff privileges and knew that they would cause the termination of several contracts between Gentile and third parties.

25. As a direct and proximate result of Defendants' intentional conduct, Valley Health terminated its agreement with Gentile for Gentile to provide medical services to its enrollees.

26. St. E's terminated its facial trauma contract with Gentile.

27. Gentile lost the ability to treat patients required to use Humility of Mary Health Partner facilities under their health insurance plans.

28. Gentile also lost referrals from physicians who only refer to other physicians affiliated with H.M. and an H.M. hospital like St. E's.

29. As a direct and proximate result of Defendants' intentional, malicious interference with these contracts, Gentile has suffered damages in excess of $25,000.00.

30. As a direct and proximate result of Defendants' intentional, malicious conduct, Gentile also lost potential business in excess of $25,000.00.

## COUNT FOUR

31. Plaintiff incorporates the allegations contained in paragraphs 1 through 30 of the Complaint.

32. In January, 2000, Gentile pursued and obtained training and expertise in a new procedure known as OtoLAM, also known as laser assisted myrangotomy. Gentile made it known to all physicians in his market area that he was now trained in this new technology and able to use the new technology to treat their patients.

33. Since Fifth Avenue and its physicians, Pearlstein, Babyak, Wood and Potesta. did not have the training and expertise to use this new technology, they issued materially false statements on Fifth Avenue's website claiming that the new technology is, "not the current standard of care" and that hype was being created by "medical entrepreneurs who are anxious to reap dividends from their investment". These defamatory statements still exist on Fifth Avenue's website as of the filing of this Complaint.

34. Defendants also published this intentionally false information to physicians in the surrounding area by mail.

35. Defendants published this false information to defame Gentile and damage his medical practice.

36. Defendants' actions were intentional and are a public concern due to the fact that new technology for the treatment of medical conditions should be made available to the public.

37. As a direct and proximate result of the Defendants' malicious, intentional publications of false statements about Gentile, Gentile suffered damages to his reputation and also lost profits.

WHEREFORE, Plaintiff prays for judgment against the Defendants, Fifth Avenue, Pearlstein, Babyak, Wood, Potesta, Matthews, CHP, H.M. and St. E's, jointly and severally in the total amount of One Million Dollars ($1,000,000.00) for punitive damages, court costs, attorney's fees and any other relief the Court deems just and equitable.

Respectfully submitted,

**RODERICK LINTON LLP**

_____
Stephen J. Pruneski (#0030333)
1500 One Cascade Plaza
Akron, Ohio 44308-1108
Telephone: (330) 434-3000
Facsimile: (330) 434-9220
spruneski@rodericklinton.com

**ATTORNEYS FOR PLAINTIFF**

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues involved in this action.

_____
Stephen J. Pruneski (#0030333)

F:\Word\Rflword\SJP\GENTILE, RICHARD\COMPLAINT.doc – rev. 12/12/05